# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2055

_____

| | | |
|---|---|---|
| Rose Carol Rone, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| U.S. Sprint, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: October 28, 2002

Filed:  October 31, 2002

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Rose Carol Rone, a member of a customer service training group for U.S. Sprint ("Sprint"), complained to members of the human resources department about the contents of an article in an internal company newsletter.  This article stated that the training program in which Ms. Rone participated, which consisted entirely of minorities, targeted members of the Kansas City urban community who were welfare recipients or rehabilitated drug users.  After expressing her concerns about statements made in the article, Ms. Rone was terminated from the training program.  Ms. Rone brought this Title VII race discrimination suit, alleging that Sprint terminated her in

retaliation for her complaint. The district court[1] granted Sprint's motion for summary judgment, and Ms. Rone now appeals. For the reasons stated below, we affirm.

"We will affirm a grant of summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, establishes that no genuine question of material fact exists and that the moving party is entitled to judgment as a matter of law." Montandon v. Farmland Indus., Inc., 116 F.3d 355, 357 (8th Cir. 1997) (citing Bashara v. Black Hills Corp., 26 F.3d 820, 823 (8th Cir. 1994)). In this case, summary judgment was appropriate because Ms. Rone failed to establish that her termination was in retaliation for her complaint. Although the timing of the termination is suspect, her claim does not meet the Title VII retaliation standard.

To succeed on a retaliation claim, Ms. Rone "must establish that 1) she complained of discrimination; 2) [Sprint] took adverse action against her; and 3) the adverse action was causally linked to the complaint of discrimination." Marzec v. Marsh, 990 F.2d 393, 396 (8th Cir. 1993). In her complaints to the human resources staff, Ms. Rone did not indicate that she believed the article was racially discriminatory. Rather, she stated that the article was offensive because it indicated that the training program targeted welfare recipients and drug rehabilitation program participants. Ms. Rone did not complain of discrimination; therefore, she does not meet the Title VII retaliation standards. Since there is no genuine issue of material fact, the district court properly granted Sprint's motion for summary judgment.

Accordingly, we affirm.

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.